UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CASE NO. 06-203-KSF

Eastern District of Kentucky
**FILED**
JUL 17 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

JAVIER VASQUEZ                                                                  PLAINTIFF

V.                     **ANSWER AND CROSS-CLAIM**

LEXINGTON-FAYETTE URBAN COUNTY
GOVERNMENT;
TERESA ISAACS, INDIVIDUALLY AND IN
HER OFFICIAL CAPACITY AS MAYOR;
ANTHANY BEATTY, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
POLICE CHIEF;
AARON NOEL, INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY AS POLICE
OFFICER;
ADAM O'QUINN, INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY AS POLICE
OFFICER;
KROGER LIMITED PARTNERSHIP I CSC
LAWYER INCORPORATING SERVICE
COMPANY AND LUKE OSBORNE                                                        DEFENDANTS

* * * * * * * * * *

Come the Defendants, Lexington-Fayette Urban County Government, Teresa Isaacs, Anthany Beatty and Aaron Noel, and for their answer to the Plaintiff's Complaint, pleads as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

1. That Paragraph Nos. 1, 2, 40, 51, 59, 63 and 88 of the Plaintiff's Complaint are questions of law to be determined by the court and not subject to an admission or denial by these Defendants.

2. These answering Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the averments contained in Paragraph No. 3 of the Plaintiff's Complaint and neither admits nor denies the same.

3. That with regard to Paragraph No. 4 of the Plaintiff's Complaint, these answering Defendants admit so much thereof as alleges that the Lexington-Fayette Urban County Government (LFUCG) is a body politic and corporate that is organized and existing under the laws of the Commonwealth of Kentucky. However, these Defendants specifically affirmative state that the Lexington-Fayette Urban County Government is created pursuant to Chapter 67A of the Kentucky Revised Statutes and is entitled to sovereign/governmental immunity. The allegation of said Paragraph No. 4 of whether or not this Defendant receives federal funds is irrelevant to this matter.

4. That these answering Defendants admit so much of Paragraph No. 5 as alleges that the Defendant, Teresa Isaacs is the mayor, an elected administrator of the Lexington-Fayette Urban County Government, a body politic and corporate. However, the remaining allegations are questions of law to be determined by the court and this answering Defendant denies said remaining allegations of said Paragraph No. 5.

5. These answering Defendants admit the allegations contained in Paragraph Nos. 6 and 7 of the Plaintiff's Complaint.

6. That with regard to Paragraph No. 8 of the Plaintiff's Complaint, these answering Defendants admit generally that the Defendant, Adam O'Quinn, was a police officer with the Lexington-Fayette Urban County Government, however, these answering Defendants deny the allegations or any inference that Defendant, Adam O'Quinn, for any times relevant to this action, was acting as an employee or agent of the Lexington-Fayette Urban County Government or was acting under color of law, because the Defendant, Adam O'Quinn, was not, in any way, involved in the incident about which the Plaintiff complains.

7. These answering Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the averment contained in Paragraph Nos. 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21 and 22 and therefore denies the same.

8. That with regard to Paragraph No. 23 of the Plaintiff's Complaint, these answering Defendants admit so much thereof and states that the Defendant, Aaron Noel, arrived at the security office of Kroger's at or about 6:30 p.m. on the date of the incident in question, although these answering Defendants would preserve that if discovery were to prove otherwise of the exact time Aaron Noel arrived, then these Defendants would so deny this allegation. These answering Defendants deny that the Defendant, O'Quinn, of the LFUCG Police Department arrived at 6:30 p.m., as Adam O'Quinn was not on duty and was not involved in the incident about which this action arises. These answering Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the averment regarding "two hours later" and therefore denies the same.

9. These answering Defendants deny the allegations contained Paragraph No. 24 of the Plaintiff's Complaint.

3

10. These answering Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the averment contained in Paragraph No. 25 of the Plaintiff's Complaint and therefore, denies the same. These Defendants do affirmatively state that Defendant Noel was informed by Defendant Osborne that they had video tapes of the Plaintiff on other occasions, however these Defendants are without knowledge of the Plaintiff's allegation as to whether or not Osborne "falsely" informed said Defendants and therefore deny the same and further deny the general statement of "several" occasions.

11. These answering Defendants admit so much of Paragraph No. 26 as alleges that the police officers did not look at any video tape and did not substantively discuss this matter with other Kroger employees other than Luke Osborne.

12. These answering Defendants deny the allegations contained in Paragraph Nos. 27, 28, 29 and 30 of the Plaintiff's Complaint.

13. These answering Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the averments contained in Paragraph Nos. 31, 32, 33 and 34 and therefore deny the same.

14. That Paragraph Nos. 35, 39, 46, 50, 53, 58, 62, 66, 81, 87 and 90 of the Plaintiff's Complaint are merely reallegations of other allegations in the Complaint and do not call for separate admissions or denials.

15. These answering Defendants deny the allegations contained in Paragraph Nos. 36, 37, 38, 41, 43, 44 and 45.

4

16. These answering Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the averments contained in Paragraph No. 42 of the Plaintiff's Complaint and therefore denies the same.

17. That with regard to Paragraph No. 47 of the Plaintiff's Complaint, these answering Defendants admit that the Plaintiff was arrested and cited for a violation of KRS 514.030, but specifically state that said charge is for theft by unlawful taking (and) shoplifting.

18. These answering Defendants deny the allegations contained in Paragraph Nos. 48, 49, 52 and 54 of the Plaintiff's Complaint.

19. That with regard to Paragraph No. 55 of the Plaintiff's Complaint, these answering Defendants deny the allegations that the Defendants lack probable cause in the pursuit of theft charges and further state that these Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the averment that the prosecutor dismissed all charges with prejudice against the Plaintiff for lack of evidence and, therefore, deny the same.

20. These answering Defendants deny the allegations contained in Paragraph Nos. 56, 57, 60, 61, 64 and 65 of the Plaintiff's Complaint.

21. That based on information and belief, and after a reasonable investigation, these Answering Defendants admit the allegations contained in Paragraph Nos. 67 and 68 of the Plaintiff's Complaint.

22. These answering Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the averments contained in Paragraph Nos. 69, 70, 71, 72 and 73 of the Plaintiff's Complaint.

23. That this answering Defendant is without knowledge or information sufficient to form a belief as to the accuracy of the averment contained in Paragraph No. 74 of the Plaintiff's Complaint and therefore denies the same.

24. That with regard to Paragraph No. 75 of the Plaintiff's Complaint, these answering Defendants deny said allegations as it may pertain to any of these answering Defendants. However, these answering Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the averments as the same may pertain to Kroger's or Osborne and therefore deny the same.

25. That with regard to Paragraph No. 76 of the Plaintiff's Complaint, these answering Defendants state that at the time of the arrest, Defendant Osborne informed Defendant Noel that Kroger's had a video tape of the Plaintiff on prior occasion(s). These answering Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the remaining averments in said Paragraph No. 76 regarding any subsequent prosecution or statements made Defendant Osborne to any other government officials and therefore deny the same.

26. These answering Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the averments contained in Paragraph No. 77, 78, 79 and 80 of the Plaintiff's Complaint and therefore deny the same.

27. These answering Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the averments contained in Paragraph No 82, 83, 84, 85 and 86 of the Plaintiff's Complaint and therefore deny the same.

28. These answering Defendants deny the allegations contained in Paragraph Nos. 89, 91, 92, 93, 94 and the ad damnum of the Plaintiff's Complaint.

6

29. That Paragraph Nos. 35, 39, 46, 50, 53, 58, 62, 66, 81, 87 and 90 are simply reallegations of other allegations and do not need a separate admission or denial.

30. These answering Defendants deny all allegations not specifically admitted herein.

### THIRD DEFENSE

That the Plaintiff's Complaint is barred on the basis of sovereign/governmental immunity.

### FOURTH DEFENSE

That the Plaintiff's Complaint is barred on the basis of official immunity.

### FIFTH DEFENSE

That the Defendants are entitled to qualified immunity on the individual claims.

### SIXTH DEFENSE

That if the Plaintiff was damaged as alleged, which said allegations are hereby specifically denied, then said incident and damages were caused or brought about the negligent, reckless or intentional acts of third person(s), including, but not limited to, the co-Defendants herein, jointly and/or severally, over which these Defendants had no control and these answering Defendants rely upon the same as a complete and absolute bar to the Plaintiff's claim herein.

### SEVENTH DEFENSE

That if the evidence or discovery were to indicate that the Plaintiff was himself negligent and that the same is relevant and germane to the issues presented herein, then these answering Defendants rely upon the affirmative defense of contributory or comparative negligence.

## EIGHTH DEFENSE

That if the Plaintiff was damaged as alleged, which said allegations are hereby specifically denied, then said incident and damages were caused or brought about by a superseding, intervening cause.

## NINTH DEFENSE

That these answering Defendants, individually or collectively, had a reasonable basis for any actions or inactions.

## TENTH DEFENSE

That these Defendants had a good faith and reasonable belief that their actions were lawful and proper and not in violation of the Plaintiff's federal or state constitutional rights.

## ELEVENTH DEFENSE

That these Defendants had probable cause, based upon information and belief provided at the time relevant hereto, for their actions.

## TWELFTH DEFENSE

That the actions of the Defendants were discretionary and non-ministerial.

## THIRTEENTH DEFENSE

That the Plaintiff's claim for punitive damages is subject to rulings by the United States Supreme Court in State Farm Mutual Automobile Insurance Co. vs. Campbell, 123 S.Ct. 1513 (2003) and BMW of North America, Inc. vs. Gore, 116 S.Ct. 1589 (1996).

## FOURTEENTH DEFENSE

That these answering Defendants reserve the right to amend this Answer and Cross-Claim to conform to the evidence on discovery or as may be presented at the trial of this action.

## CROSS-CLAIM

These answering Defendants deny that they are liable or responsible to the Plaintiff under any theory of liability. However, if it is determined that these Defendants, or any one of them, is so liable to the Plaintiff, the said Defendant(s) is (are) entitled to indemnity from the co-Defendant(s), Kroger and/or Luke Osborne.

WHEREFORE, these Defendants demand that the Plaintiff's Complaint be dismissed, costs and all other proper relief, including trial by jury, and recovery on the Cross-Claim, if applicable.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served by mail, on this the 14th day of July, 2006, upon the following:

Hon. Shane C. Sidebottom
Wolnitzek & Rowekamp, P.S.C.
502 Greenup Street
P.O. Box 352
Covington, KY 41012-0352
ATTORNEY FOR PLAINTIFF

Hon. Nolan Carter, Jr.
Boehl Stopher & Graves, LLP
444 West Second Street
Lexington, KY 40507
ATTORNEY FOR DEFENDANTS,
KROGER LIMITED PARTNERSHIP I CSC
LAWYER INCORPORATING SERVICE COMPANY
AND LUKE OSBORNE

9

Hon. Carolyn Zerga
Lexington-Fayette Urban County
Government
Law Department
200 E. Main Street
Lexington, KY 40507

_____
Hon. Ernest H. Jones, II
GERALDS, JONES, SWISHER &
ROHLFING, P.S.C.
259 West Short Street
Lexington, KY 40507
(859) 255-7946

ATTORNEYS FOR DEFENDANTS,
LEXINGTON-FAYETTE URBAN
COUNTY GOVERNMENT, TERESA
ISAACS, ANTHANY BEATTY, AARON
NOEL and ADAM O'QUINN